IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SIX L'S PACKING COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-cv-01132 |
| | ) | Judge Nixon |
| JAMES ERIC BEALE and KATTIA | ) | Magistrate Judge Griffin |
| MARIA BISCHOFF-BEALE, each individually, | ) | |
| and JAMES R. BEALE d/b/a SUNFRESH | ) | JURY DEMAND |
| FARMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff Six L's Packing Company, Inc.'s Motion to Sever Remaining Defendants and Determine Proper Amount of Fees and Costs in Connection with Ruling on Partial Summary Judgment Against Defendant, James R. Beale d/b/a Sunfresh Farms ("Motion") (Doc. No. 137), filed along with supporting documents (Doc. Nos. 138 & 138-1). In response to Plaintiff's Motion, Defendant James R. Beale d/b/a Sunfresh Farms ("JR Beale") filed an Opposition to Plaintiff's Motion to Sever ("First Response") (Doc. No. 145) and an Opposition to Plaintiff's Motion for Attorney's Fees & Costs ("Second Response") (Doc. No. 150). For the reasons given herein, Plaintiff's Motion is **DENIED**. Additionally, the Court **ORDERS** the parties to file additional briefing with the Court, as explained more fully below.

## I. BACKGROUND[1]

This case concerns a series of disputed invoices for produce orders, with each party bringing claims against the other. Both parties filed motions for summary judgment concerning

---

[1] A summary of the relevant undisputed facts can be found in the Court's Order resolving the parties' motions for summary judgment. (Doc. No. 130 at 2-6.)

1

the invoices. (Doc. Nos. 81, 102, 103, & 113.) On December 29, 2011, the Court issued an Order deciding the summary judgment motions, ruling in Plaintiff's favor as to all issues, including that Plaintiff was entitled to recover amounts owed to it by Defendant under four invoices and, based on a term printed on each of the four invoices, attorney's fees and costs. (Doc. No. 130.) Importantly, Plaintiff only moved for summary judgment—and the Court only granted it summary judgment—as to a single defendant, JR Beale. (*See* Doc. No. 81 at 1; Doc. No. 130 at 1-2.) Defendant subsequently filed a motion seeking to vacate the Court's Order (Doc. No. 132), which the Court denied on February 6, 2012 (Doc. No. 141).

Plaintiff filed the pending Motion (Doc. No. 137), along with an affidavit of Plaintiff's lead counsel (Doc. No. 138) and an attachment of Plaintiff's monthly billing statements (Doc. No. 138-1), on January 30, 2012. Asserting that that "Plaintiff combined two unrelated motions in the same document" (Doc. No. 145 ¶ 1), Defendant filed multiple documents in response to Plaintiff's Motion. On February 22, 2012, Defendant filed his First Response to Plaintiff's Motion, addressing only Plaintiff's request for severance. (*Id.*) Subsequently, on March 8, 2012, Defendant filed his Second Response to Plaintiff's Motion, addressing Plaintiff's request for fees and costs. (Doc. No. 150.)

## II.   ANALYSIS

In its Motion, Plaintiff asks the Court to sever the claims remaining in this case against James E. Beale ("JE Beale") and Kattia M. Bischoff-Beale ("K. Beale") for trial, to determine the proper amount of attorney's fees and costs against JR Beale, and to enter a final judgment against JR Beale with a determination pursuant to Federal Rule of Civil Procedure 54(b). (Doc. No. 137 ¶ 4.)

Defendant responds that this request for severance should be denied because Plaintiff does not cite to any Federal Rule or case law regarding the propriety of severance. (Doc. No. 145 ¶ 2.) Citing Federal Rule of Civil Procedure 21 as the basis for severing a claim, Defendant argues that severance in this case would be improper because it would not promote judicial economy at the district court level or appellate level, because it would prejudice Defendants, and because "Plaintiff chose to join the Defendants when it filed the case." (*Id.* ¶¶ 3-7.)

Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party," or "sever any claim against a party." This Court has identified several factors to consider when determining if claims should be severed under this Rule:

> "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims."

*In re: Millennium Multiple Emp'r Welfare Benefit Plan*, No. 3:10-00575, 2011 U.S. Dist. LEXIS 41466, at *29 (M.D. Tenn. Apr. 15, 2011) (quoting *Baughman v. Lee Cnty.*, 554 F. Supp. 2d 652, 653 (N.D. Miss. 2008)).

In light of these considerations, the Court does not find that severance of the parties and the claims in this case is warranted. Plaintiff has not adequately demonstrated why severance would be proper—indeed, Plaintiff has not provided any argument, instead devoting much of the Motion to its request for attorney's fees and costs. (*See* Doc. No. 137.) By contrast, Defendant has raised sufficient concerns for the Court to consider severance to be unnecessary. Moreover, due to the interrelated nature of the allegations, claims, and parties in this case, the Court does not believe that severance would serve the interests of efficiency and judicial economy. Having

3

denied Plaintiff's request for severance, the Court need not address the parties' arguments as to Plaintiff's request for attorney's fees and costs as against JR Beale. Accordingly, Plaintiff's Motion is **DENIED**, with the option for Plaintiff to renew its request for attorney's fees and costs and the end of litigation.

Nevertheless, Plaintiff's Motion has raised some concerns about the remaining course of this case. As explained above, the Court entered summary judgment only against JR Beale, and not JE Beale or K. Beale. While the parties previously filed a stipulation that JR Beale would be liable for Plaintiff's claims to the extent they were proven (Doc. No. 79; *see also* Doc. No. 80), the fact remains that there are two other Defendants in this case against whom summary judgment has not been sought or granted. Moreover, the Court notes that Plaintiff's Amended Complaint brings four claims against all parties (*see* Doc. No. 32 at 6-9), which is noteworthy because Plaintiff did not seek summary judgment as to those specific legal claims.

In light of this background, the Court believes that it would be beneficial to clarify the nature of the outstanding claims and issues in this case. As such, the Court **ORDERS** the parties to provide additional briefing on the following topics: (1) the effect of the Court's summary judgment ruling as to the four specific claims brought by Plaintiff; (2) the issues, if any, that remain unresolved as to the liability of JR Beale for the four claims brought by Plaintiff; (3) the issues, if any, that remain unresolved as to the liability of JE Beale for the four claims brought by Plaintiff; and (4) the issues, if any, that remain unresolved as to the liability of K. Beale for the four claims brought by Plaintiff. Plaintiff shall file its brief within fourteen days of the entry of this Order, and Defendant will have fourteen days to file a response. At that time, the Court will determine whether a status conference as to these questions is warranted.

### III. CONCLUSION

For the reasons given above, Plaintiff's Motion is **DENIED**. Additionally, the Court **ORDERS** Plaintiff to file a brief with the Court as to the topics described above within fourteen days of the entry of this Order. Defendant's response thereto will be due fourteen days after Plaintiff has filed its brief.

It is so ORDERED.

Entered this ___15th_____ day of March, 2012.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT